1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Rebecca R. Perez
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 2 9 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

7              UNITED STATES DISTRICT COURT
8         FOR THE EASTERN DISTRICT OF WASHINGTON

9  UNITED STATES OF AMERICA,          Case No.: 2:24-CR-65-TOR

10                 Plaintiff,          Plea Agreement
11
                    v.                 Fed. R. Crim. P. 11(c)(1)(C)
12
13  DONALD EUGENE GRIFFIN, JR,
14                 Defendant.
15
16

17       Plaintiff United States of America, by and through Vanessa R. Waldref,

18  United States Attorney the Eastern District of Washington, and Rebecca R. Perez,

19  Assistant United States Attorney for the Eastern District of Washington, and

20  Defendant DONALD EUGENE GRIFFIN JR ("Defendant"), both individually and

21  by and through Defendant's counsel, Lorinda Youngcourt, agree to the following

22  Plea Agreement.

23       1.    Guilty Plea and Maximum Statutory Penalties

24       Defendant agrees to enter a plea of guilty to Count 1 of the Indictment filed

25  on May 9th, 2024, charging Defendant with Distribution of Child Pornography, in

26  violation of 18 U.S.C. § 2252A(a)(2), (b)(1), a Class C Felony.

27       Defendant understands that the following potential penalties apply:

28

PLEA AGREEMENT - 1

a.   a term of imprisonment of not less than 5 years and up to a lifetime;

b.   a term of supervised release of not less than 5 years and up to a lifetime;

c.   a fine of up to $250,000;

d.   restitution;

e.   an assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A(a)(2);

f.   a mandatory assessment of $5,000, pursuant to the Justice for Victims of Trafficking Act of 2015, unless the Court finds Defendant to be indigent;

g.   registration as a sex offender;

h.   a $100 special penalty assessment.

2.   <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

a.   5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.   3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.   2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of

PLEA AGREEMENT - 2

1    incarceration greater than the maximum sentence authorized by statute for
2    Defendant's offense or offenses of conviction.
3        3.    The Court is Not a Party to this Plea Agreement
4        The Court is not a party to this Plea Agreement and may accept or reject it.
5    Defendant acknowledges that no promises of any type have been made to
6    Defendant with respect to the sentence the Court will impose in this matter.
7        Defendant understands the following:
8            a.    sentencing is a matter solely within the discretion of the Court;
9            b.    the Court is under no obligation to accept any recommendations
10               made by the United States or Defendant;
11           c.    the Court will obtain an independent report and sentencing
12               recommendation from the United States Probation Office;
13           d.    the Court may exercise its discretion to impose any sentence it
14               deems appropriate, up to the statutory maximum penalties;
15           e.    the Court is required to consider the applicable range set forth
16               in the United States Sentencing Guidelines, but may depart
17               upward or downward under certain circumstances; and
18           f.    Defendant understands that this Plea Agreement contains
19               sentencing recommendations pursuant to Fed. R. Crim. P.
20               11(c)(1)(C). As a result, the United States may withdraw from
21               this Plea Agreement if the Court imposes a lesser sentence than
22               agreed upon, and Defendant may withdraw from this Plea
23               Agreement if the Court imposes a harsher sentence than agreed
24               upon.
25
26       4.    Potential Immigration Consequences of Guilty Plea
27       If Defendant is not a citizen of the United States, Defendant understands the
28    following:

PLEA AGREEMENT - 3

      a.    pleading guilty in this case may have immigration consequences;

      b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

      c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

      d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

      a.    the right to a jury trial;

      b.    the right to see, hear and question the witnesses;

      c.    the right to remain silent at trial;

      d.    the right to testify at trial; and

      e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), the United States would have to prove the following beyond a reasonable doubt.

a.    *First*, beginning on or before November 2019, and continuing through on or about March 26, 2020, within the Eastern District of Washington, Defendant knowingly distributed a visual depiction of child pornography;

b.    *Second,* Defendant knew the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and

c.    *Third,* the child pornography was transported via any means or facility of interstate or foreign commerce, or the visual depiction had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

7.    Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

PLEA AGREEMENT - 5

1      In November 2019, the FBI received several cybertips via the National
2 Center for Missing and Exploited Children (NCMEC), all of which resolved to
3 Defendant's residence. The cybertips came from the online communication
4 platforms Twitter and Discord. The cybertips contained multiple images depicting
5 child sexual abuse material (CSAM), along with conversation regarding access to
6 child pornography and discussion about the sexual abuse of children.

7      Based on these cybertips, on March 26, 2020, the FBI and local police
8 executed a warrant on Defendant's residence. In summary, Defendant admitted to
9 using Discord and Twitter to access and obtain CSAM material.  He also admitted
10 to  engaging in the sexually explicit conversations described in the cybertips. He
11 admitted to discussing having sex with a child and to distributing and receiving
12 child pornography, but denied ever having actually had sexual contact with a child.
13 Defendant stated that several of his online accounts from various services had
14 repeatedly been shut down for distribution of child pornography across the
15 platform, which caused Defendant to have to continually make new accounts.

16      During the residential warrant execution, agents seized devices associated
17 with Defendant. Within those devices, agents located multiple images of child
18 pornography and also portions of what appeared to be an online chat with a 17-
19 year-old as well as with adult females.

20      Agents submitted search warrants to various online accounts associated with
21 Defendant. The search warrant return and content from  Google revealed many
22 chats involving individuals who appeared to be under 18. On several occasions,
23 Defendant sent child pornography or solicited child pornography from those
24 individuals. Defendant consistently spoke to others about exchanging child
25 pornography or about engaging in a sexual relationship with minors. Search terms
26 associated with Defendant's google history included "unmonitored kids chat
27 rooms", "kid chat", "underage_erotica", "prime jailbat.com" and "chat room for 8-
28 9 year olds." According to the warrant return, Defendant sent images of child

PLEA AGREEMENT - 6

pornography though Google hangouts on multiple occasions between November 2019 and March of 2020.

On April 5, 2024, Defendant was again contacted by law enforcement pertaining to contact with minors. A civilian called 911, indicating they had been in contact with Defendant online. The civilian had been posing as an 11-year old female on Instagram and had been chatting with Defendant. According to the civilian, Defendant had sent naked photos of himself to this person he believed to be 11 years old and also discussed having sex with her. The civilian provided law enforcement with printed pages of these text conversations. In one of the conversations provided to law enforcement by this civilian posing as minor, Defendant instructed the believed 11 year old to not wear panties or a bra when they met because he "would like to feel [her] without those on." Defendant told the believed 11-year-old he would "show you my privates in person" and he would have her put her hand on his penis and the two would "make love." The civilian traveled to Defendant's house after arranging the meeting to expose Defendant to law enforcement.

After law enforcement responded, they seized three devices from Defendant: an Android phone, a Samsung phone, and a TCL Smartphone which appeared to be Defendant's primary device. The Android phone did not contain any CSAM. The Samsung phone contained at least one image of CSAM, along with AI-generated CSAM and bestiality. The TCL Smartphone is still pending forensic analysis.

Within Defendant's collection of CSAM, NCMEC identified 14 known images and four known series.

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Counts

PLEA AGREEMENT - 7

1 | 2 and 3 of the Indictment, which charges Defendant with Receipt of Child
2 | Pornography and Possession of Child Pornography.

3 | *a. Misconduct Charged in the Indictment*

4 | The United States Attorney's Office for the Eastern District of Washington
5 | agrees not to bring additional charges against Defendant based on information in
6 | its possession at the time of this Plea Agreement that arises from conduct that is
7 | charged in the Indictment or identified in discovery produced in this case, unless
8 | Defendant breaches this Plea Agreement before sentencing, unless Defendant
9 | breaches this plea agreement before sentencing. The United States further agrees to
10 | not file Online Enticement of a Minor charges under 18 U.S.C. § 2422(b) based on
11 | the chat described above with the civilian posing as a 11-year old girl which
12 | resulted in law enforcement contact on April 5, 2024.

13 | *b. Uncharged Misconduct Pertaining to Defendant's TCL*
14 | *Smartphone Seized April 5, 2024*

15 | At the time of entry of this plea agreement, Defendant's TCL Smartphone
16 | phone is still in the process of being forensically reviewed. Based on some damage
17 | to the phone, analysis and review may take a significant period of time. The United
18 | States agrees that, if the phone is later able to be forensically analyzed, the United
19 | States will not file against Defendant any new Distribution, Receipt, or Possession
20 | of Child Pornography charges in violation of 18 U.S.C. § 2252A(a)(2)(a) or 18
21 | U.S.C. § 2252A(a)(5)(B) based on evidence obtained from that phone. The United
22 | States makes no agreement or representation of any kind about the future filing of
23 | any other federal charges against Defendant arising from evidence on that phone,
24 | or any other evidence.. The United States makes no agreement regarding the filing
25 | of charges in any jurisdiction besides the Eastern District of Washington. The
26 | United States makes no agreement regarding any other devices which have not
27 | currently been seized or accessed by the United States, or regarding any other

28 |

PLEA AGREEMENT - 8

1  evidence not described in the discovery which has been disclosed at the time of
2  this plea agreement.

3    9.    United States Sentencing Guidelines Calculations

4        Defendant understands and acknowledges that the United States Sentencing
5  Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine
6  Defendant's advisory range at the time of sentencing, pursuant to the Guidelines.
7  The United States and Defendant agree to the following Guidelines calculations.

8        a.    Base Offense Level

9        The United States and the Defendant agree that the base offense level for
10  Distribution of Child Pornography is 22.  U.S.S.G. § 2G2.2(a)(2).

11        b.    Special Offense Characteristics

12        The United States and the Defendant agree that Defendant's base offense
13  level is increased by 2 because the material involved a prepubescent minor.
14  U.S.S.G. § 2G2.2 (b)(2).

15        The United States and the Defendant agree that Defendant's base offense
16  level is increased by 2 because Defendant knowingly engaged in distribution.
17  U.S.S.G. § 2G2.2 (b)(3)(F).

18        The United States and the Defendant agree that Defendant's base offense
19  level is increased by 4 because the material involved the sexual abuse of
20  exploitation of an infant or toddler. U.S.S.G. § 2G2.2 (4).

21        The United States and the Defendant agree that Defendant's base offense
22  level is increased by 2 because Defendant used a computer to solicit participation
23  in Defendant's charged conduct.  U.S.S.G. § 2G2.2(b)(3).

24        The United States and the Defendant agree that Defendant's base offense
25  level is increased by 5 because the offense involved 600 or more images[1].
26  U.S.S.G. § 2G2.2(b)(7).

27

28  [1] Should additional forensic testing be completed which impacts these calculations,
the parties are free to amend their calculations.

PLEA AGREEMENT - 9

        c.     Acceptance of Responsibility

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

          i.     accepts this Plea Agreement;

        ii.     enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

       iii.     demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

       iv.     provides complete and accurate information during the sentencing process; and

        v.     does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

        d.     Agreements Regarding Representations to the Court

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

PLEA AGREEMENT - 10

1    With regard to all briefing, submissions, and hearings in this criminal case,
2    the United States and Defendant agree to the following provisions:

3           i.     The United States and Defendant may each respond to
4                any questions from the Court or United States Probation
5                Office;

6          ii.     The United States and Defendant may each supplement
7                the facts under consideration by the Court by providing
8                information the United States or Defendant deems
9                relevant;

10        iii.   The United States and Defendant may each present and
11               argue any additional facts that the United States or
12               Defendant believe are relevant to the Sentencing
13               Guidelines computation or sentencing;

14        iv.    The United States and Defendant may each present and
15               argue information that may already be known to the
16               Court, including information contained in the
17               Presentence Investigation Report;

18         v.     The United States and Defendant may each respond to
19               any arguments presented by the other;

20        vi.    In order to support the United States' sentencing
21               recommendation as set forth herein, the United States
22               may oppose and argue against any defense argument or
23               any recommendation for any sentence lower than the
24               sentence recommended by the United States on any basis,
25               including arguments for a lower offense level, a lower
26               criminal history calculation, the application or non-
27               application of any sentencing enhancement or departure,

28

and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii. The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix. Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e. No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

f. Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be

PLEA AGREEMENT - 12

1  determined by the Court after the United States Probation Office prepares and
2  discloses a Presentence Investigative Report.

3      10.    Incarceration

4      Defendant acknowledges that this Plea Agreement is entered pursuant to
5  Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)").  Pursuant to
6  Rule 11(c)(1)(C), the parties agree a sentencing range of 96 months to 144 months
7  (8 to 12 years) followed by a lifetime of supervision.  The United States will
8  recommend a sentence of 144 months and Defendant will recommend a sentence
9  of 96 months, to be followed by the life time of supervised release.  Any sentence
10  imposed in this matter is subject to the Rule 11 nature of the agreement and subject
11  to the provisions as detailed in this plea agreement.

12      Although the United States and Defendant agree to make these
13  recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant
14  acknowledges that no promises of any type have been made to Defendant with
15  respect to the sentence the Court will ultimately impose.

16      Defendant understands that Defendant may withdraw from this Plea Agreement
17  if the Court imposes a term of imprisonment of greater than 144 months or
18  indicates its intent to do so.  Defendant also understands that the United States may
19  withdraw from this Plea Agreement if the Court imposes a term of imprisonment
20  of less than 96 months or indicates its intent to do so.

21      Defendant and the United States acknowledge that the imposition of any
22  fine, restitution, or conditions of Supervised Release are not part of the Rule
23  11(c)(1)(C) nature of this Plea Agreement; that parties are free to make any
24  recommendation they deem appropriate as to the imposition of a fine, restitution,
25  or conditions of Supervised Release; and that the Court will exercise its discretion
26  in this regard.

27      Defendant and the United States acknowledge that the Court's decisions
28  regarding the imposition of a fine, restitution, or conditions of Supervised Release

PLEA AGREEMENT - 13

will not provide a basis for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant understands that this Plea Agreement does not limit any law enforcement agency or prosecuting authority from investigating and/or charging Defendant with any new criminal conduct or violations of Supervised Release that arise during or after Defendant's incarceration on these charges. Defendant acknowledges that if Defendant or the United States successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, the United States is not bound by any representations within it.

11.    Supervised Release

The United States and Defendant each agree to recommend a lifetime of supervised release, per the Rule 11(c)(1)(C) agreement. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the

PLEA AGREEMENT - 14

treatment provider. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to the Defendant's ability.

d.  Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

12.  Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13.  Judicial Forfeiture

PLEA AGREEMENT - 15

1   Defendant agrees to voluntarily forfeit and relinquish to the United States all
2 right, title and interest in all assets listed herein, and hereby agrees to execute any
3 and all forms and pleadings necessary to effectuate such forfeiture of assets,
4 including, but not limited to the following:
5       -   a Blue Packard Bell 32 GB Tablet, Model PB1009
6   Defendant stipulates that Defendant is the sole owner of the assets listed
7 above and that no one else has an interest in these assets.
8   Defendant acknowledges that the assets listed above, which Defendant is
9 agreeing to forfeit, are subject to forfeiture as property used or intended to be used
10 in any manner or part to commit or to facilitate the commission of the offense to
11 which Defendant is pleading guilty.
12   Defendant agrees to take all steps requested by the United States to pass
13 clear title to these assets to the United States, and to testify truthfully in any
14 forfeiture proceeding.
15   Defendant agrees to hold harmless all law enforcement agents/officers, and
16 the United States, its agents, and its employees from any claims whatsoever arising
17 in connection with the seizure and/or forfeiture of the assets listed above.
18   Defendant waives further notice of any federal, state or local proceedings
19 involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in
20 this Plea Agreement.
21   Defendant waives all constitutional, equitable and statutory challenges in
22 any manner (including direct appeal, habeas corpus, or any other means) to any
23 forfeiture carried out in accordance with this Plea Agreement on any grounds,
24 including that the forfeiture constitutes an excessive fine or punishment. Defendant
25 knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture
26 of these assets.  Defendant waives oral pronouncement of forfeiture at the time of
27 sentencing, and any defects that may pertain to forfeiture.
28       14.   Mandatory Special Penalty Assessment

PLEA AGREEMENT - 16

1  Defendant agrees to pay the $100 mandatory special penalty assessment to
2  the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C.
3  § 3013.

4      15.   Restitution

5  The United States and Defendant agree that restitution is required.  18
6  U.S.C. §§ 2259, 3663, 3663A, 3664.  Defendant acknowledges that restitution is
7  mandatory, without regard to Defendant's economic situation, to identifiable
8  victims who suffer ongoing injury by virtue of child pornography images
9  depicting them circulating on the Internet indefinitely, in amounts that comport
10  with Defendant's relative role in the causal process that underlies the general
11  losses of the victims. *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C.
12  § 2259.

13  Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States
14  dismissing counts and/or agreeing not to bring additional charges, Defendant
15  voluntarily agrees to pay restitution to all victims of child pornography that
16  Defendant distributed, received, and/or possessed, as set forth in the discovery in
17  this case, whether or not Defendant pleads guilty to counts charging that specific
18  conduct, and whether or not such counts are foregone pursuant to this Plea
19  Agreement.

20  Defendant understands that for purposes of 18 U.S.C. § 2259, "victim"
21  means the individual harmed as a result of a commission of the crime, including,
22  in the case of a victim who is under 18 years of age, the legal guardian of the
23  victim.  The United States and Defendant also hereby stipulate and agree that the
24  Court shall order full restitution, as appropriate, to any entity, organization,
25  insurance company, individual, and/or medical provider who provided medical
26  services and/or funds related to the treatment of any victim.

27  For any victim against whom Defendant's conduct occurred on or after
28  December 7, 2018, Defendant agrees that such victims shall be entitled to

PLEA AGREEMENT - 17

1  restitution as if the AVAA applied to Defendant's conduct and agrees that the
2  Court should order restitution in an amount that reflects Defendant's relative
3  role in the causal process that underlies the victim's losses, but which is no less
4  than $3,000 per victim.

5       Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay
6  restitution for all losses caused by Defendant's individual conduct, in exchange for
7  the United States not bringing additional potential charges, regardless of whether
8  counts associated with such losses will be dismissed as part of this Plea
9  Agreement.

10       With respect to restitution, the United States and Defendant agree to the
11  following:

12         a.    Restitution Amount and Interest

13       The United States and Defendant hereby stipulate and agree that pursuant to
14  18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution in an
15  amount to be determined at or before sentencing, but which is not less than $3,000
16  per victim identified by NCMEC.  The interest on this restitution amount should be
17  waived.  Defendant acknowledges that Defendant may not withdraw from the Plea
18  Agreement based on the amount of restitution that the Court orders.

19         b.    Payments

20       To the extent restitution is ordered, the United States and Defendant agree
21  that the Court will set a restitution payment schedule based on Defendant's
22  financial circumstances.  18 U.S.C. § 3664(f)(2), (3)(A).  Regardless, Defendant
23  agrees to pay not less than 10% of Defendant's net monthly income towards
24  restitution.

25         c.    Treasury Offset Program and Collection

26       Defendant understands the Treasury Offset Program ("TOP") collects
27  delinquent debts owed to federal agencies.

28       If applicable, the TOP may take part or all of Defendant's federal tax refund,

PLEA AGREEMENT - 18

1  federal retirement benefits, or other federal benefits and apply these monies to

2  Defendant's restitution obligations.  26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31

3  U.S.C. § 3716.

4       Defendant understands that the United States may, notwithstanding the

5  Court-imposed payment schedule, pursue other avenues to ensure the restitution

6  obligation is satisfied, including, but not limited to, garnishment of available funds,

7  wages, or assets.  18 U.S.C. §§ 3572, 3613, and 3664(m).

8       Nothing in this acknowledgment shall be construed to limit Defendant's

9  ability to assert any specifically identified exemptions as provided by law, except

10  as set forth in this Plea Agreement.

11       Until Defendant's fine and restitution obligations are paid in full, Defendant

12  agrees fully to disclose all assets in which Defendant has any interest or over

13  which Defendant exercises control, directly or indirectly, including those held by a

14  spouse, nominee or third party.

15       Until Defendant's fine and restitution obligations are paid in full, Defendant

16  agrees to provide waivers, consents, or releases requested by the U.S. Attorney's

17  Office to access records to verify the financial information.

18            d.    Obligations, Authorizations, and Notifications

19       Defendant agrees to truthfully complete the Financial Disclosure Statement

20  that will be provided by the earlier of 30 days from Defendant's signature on this

21  plea agreement or the date of Defendant's entry of a guilty plea, sign it under

22  penalty of perjury, and provide it to both the United States Attorney's Office and

23  the United States Probation Office.  Defendant acknowledges and understands that

24  Defendant's failure to timely and accurately complete and sign the Financial

25  Disclosure Statement, and any update thereto, may, in addition to any other penalty

26  or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G

27  §3E1.1.

28

PLEA AGREEMENT - 19

Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until Defendant's fine and restitution orders are paid in full, Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office within a reasonable period of time, but no later than within 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Until Defendant's fine and restitution orders are paid in full, Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Pursuant to 18 U.S.C. § 3612(b)(F), Defendant understands and agrees that until Defendant's fine and restitution orders are paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

16. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17. Additional Violations of Law Can Void Plea Agreement

PLEA AGREEMENT - 20

The United States and Defendant agree that the United States may, at its
option and upon written notice to the Defendant, withdraw from this Plea
Agreement or modify its sentencing recommendation if, prior to the imposition of
sentence, Defendant is charged with or convicted of any criminal offense or tests
positive for any controlled substance.

18.    JVTA and AVAA Special Assessments

Defendant understands that Defendant will be required to pay a mandatory
special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act
("JVTA") of 2015, absent a judicial finding of indigence; and a mandatory special
assessment of no more than $35,000, pursuant to the Amy, Vicky and Andy Child
Pornography Victim Assistance Act of 2018.

19.    Sex Offender Registration

Defendant understands that by pleading guilty, Defendant will be required to
register as a sex offender upon release from prison as a condition of supervised
release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of
supervised release, Defendant will be subject to federal and state sex offender
registration requirements, and that those requirements may apply throughout
Defendant's lifetime.

Defendant agrees that during the duration of Defendant's registration
requirement, Defendant will keep Defendant's registration current with the state
sex offender registration agency or agencies of any state in which Defendant lives
or resides for more than 72 hours.

Defendant agrees that during the duration of Defendant's registration
requirement, Defendant will notify and verify with the state sex offender
registration agency or agencies of any state in which Defendant lives or resides for
more than 72 hours, of changes to Defendant's name, place of residence, place of

PLEA AGREEMENT - 21

1 employment, education, or religious worship, and any other information required
2 by such agency or agencies.

3      Defendant understands that Defendant will be subject to possible federal and
4 state penalties for failure to comply with any such requirements. Defendant
5 understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law
6 enforcement agencies upon Defendant's release from confinement.

7      As a condition of Supervised Release, Defendant shall initially register with
8 the state sex offender registration of the state of Defendant's release, and shall also
9 register with the state sex offender agency in any state where defendant resides, is
10 employed, works, or is a student, as directed by the Probation Officer.

11      Defendant shall provide proof of registration to the Probation Officer within
12 72 hours of release.

13      20.   Waiver of Appeal Rights

14      Defendant understands that Defendant has a limited right to appeal or
15 challenge Defendant's conviction and the sentence imposed by the Court.

16      In return for the concessions that the United States has made in this Plea
17 Agreement, Defendant expressly waives all of Defendant's rights to appeal any
18 aspect of Defendant's conviction and/or the sentence the Court imposes, on any
19 grounds.

20      In return for the concessions that the United States has made in this Plea
21 Agreement, Defendant expressly waives all of Defendant's rights to appeal any
22 aspect of Defendant's conviction and/or the sentence the Court imposes, on any
23 grounds, so long as the Court imposes a term of incarceration consistent with this
24 Rule 11(c)(1)(C) Plea Agreement. Defendant further expressly agrees that if the
25 Court indicates its intent to impose a sentence higher than the term or range
26 consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant has
27 fourteen (14) days from the sentencing hearing to file with the Court a notice of
28 withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly

PLEA AGREEMENT - 22

waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

21.    <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.    Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

b.    The United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

PLEA AGREEMENT - 23

1        d.    The United States may file any new charges that would

2              otherwise be barred by this Plea Agreement.

3        The decision to pursue any or all of these options is solely in the discretion

4  of the United States Attorney's Office.

5        Defendant agrees to waive any objections, motions, and/or defenses

6  Defendant might have to the United States' decisions to seek, reinstate, or reinitiate

7  charges if a count of conviction is withdrawn, set aside, vacated, reversed, or

8  dismissed, including any claim alleging a violation of Double Jeopardy.

9        Defendant agrees not to raise any objections based on the passage of time,

10  including but not limited to alleged violations of any statutes of limitation or any

11  objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

12  Amendment.

13        22.    Integration Clause

14        The United States and Defendant acknowledge that this document

15  constitutes the entire Plea Agreement between the United States and Defendant,

16  and no other promises, agreements, or conditions exist between the United States

17  and Defendant concerning the resolution of the case.

18        This Plea Agreement is binding only on the United States Attorney's Office

19  for the Eastern District of Washington, and cannot bind other federal, state, or local

20  authorities.

21        The United States and Defendant agree that this Agreement cannot be

22  modified except in a writing that is signed by the United States and Defendant.

23                        Approvals and Signatures

24        Agreed and submitted on behalf of the United States Attorney's Office for

25  the Eastern District of Washington.

26  Vanessa R. Waldref

27  United States Attorney

28  _____                    ___1/29/25___

PLEA AGREEMENT - 24

1  Rebecca R. Perez                              Date
2  Assistant United States Attorney

3      I have read this Plea Agreement and I have carefully reviewed and discussed

4  every part of this Plea Agreement with my attorney. I understand the terms of this

5  Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and

6  voluntarily. I have consulted with my attorney about my rights, I understand those

7  rights, and I am satisfied with the representation of my attorney in this case. No

8  other promises or inducements have been made to me, other than those contained

9  in this Plea Agreement. No one has threatened or forced me in any way to enter

10 into this Plea Agreement. I agree to plead guilty because I am guilty.

11 _____          1/29/25
                                              _____
12 DONALD EUGENE GRIFFIN                       Date
   Defendant
13     I have read the Plea Agreement and have discussed the contents of the

14 agreement with my client. The Plea Agreement accurately and completely sets

15 forth the entirety of the agreement between the parties. I concur in my client's

16 decision to plead guilty as set forth in the Plea Agreement. There is no legal

17 reason why the Court should not accept Defendant's guilty plea.

18
   _____          1/29/25
19                                             _____
   Lorinda Youngcourt                          Date
20 Attorney for Defendant

21

22

23

24

25

26

27

28

PLEA AGREEMENT - 25